IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LIBERTY MUTUAL : CIVIL ACTION
INSURANCE COMPANY :
:
:
v. :
:
:
FREIGHTLINER, LLC, et al. : NO. 13-5543

MEMORANDUM

Bartle, J. November 19, 2013

Plaintiff Liberty Mutual Insurance Company ("Liberty Mutual"), as a subrogee, brings this products liability and negligence action against defendants Freightliner, LLC, Daimler Trucks North America, Bergstrom, Inc., Bergstrom Climate Systems, LLC (together with Bergstrom, Inc., "Bergstrom"), Kissling Electrotec, Inc., Valeo, Inc., Valeo Climate Control Corp., Valeo Electrical Systems, Inc., Valeo Engine Cooling, Inc., and Valeo Compressor North America, Inc. The lawsuit involves a truck that caught fire while under lease to Liberty Mutual's insured, Modern Mushroom Farms, Inc. ("Modern Mushroom"). Liberty Mutual paid the loss resulting from the vehicle fire and is now seeking recovery against the alleged defendant tortfeasors. The complaint consists of claims for: (1) strict products liability; (2) breach of express and implied warranty; (3) breach of implied warranty under the Pennsylvania

Commercial Code and Magnuson-Moss Warranty Act; and (4) negligence.[1]

I.

Defendant Bergstrom has moved to dismiss the complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. When deciding a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations in the complaint and draw all inferences in the light most favorable to the plaintiff. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008); Umland v. Planco Fin. Servs., Inc., 542 F.3d 59, 64 (3d Cir. 2008). We must then determine whether the pleading at issue "contain[s] sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This inquiry does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 569. There should be facts alleged that give rise to a reasonable expectation that

---

[1] This action was originally filed in the Court of Common Pleas of Philadelphia County and was timely removed to this court. Subject matter jurisdiction is grounded on diversity of citizenship and the requisite amount in controversy under 28 U.S.C. § 1332.

-2-

discovery will yield evidence to support the plaintiff's claim. See id. at 556.

A claim must nonetheless do more than raise a "'mere possibility of misconduct.'" Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Iqbal, 556 U.S. at 679). Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. On a motion to dismiss, the court may consider "allegations contained in the complaint, exhibits attached to the complaint and matters of public record." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (citing 5A Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 299 (2d ed. 1990)).

II.

The following facts for present purposes are accepted as true or taken in the light most favorable to the plaintiff. On October 11, 2010, Modern Mushroom leased a 2011 Freightliner Cascadia 125 truck equipped with a conventional sleeper cab from Penske Truck Leasing for use in its business. At the time of the events in this case, Bergstrom was a manufacturer and seller of cab climate systems for commercial trucks, including systems that were component parts of the truck in question in this case.

On July 18, 2011, while Alfred Taggart, the driver, was asleep in the truck at a pull off area on Interstate 76 in Pennsylvania, a fire ignited in the sleeper area of the cab. Mr. Taggart awoke to smoke in the cab and flames at the base of the work station behind the driver's seat, the location of the auxiliary air conditioner. It was ultimately determined that the source of the fire was an "ignition sequence involving an unspecified electrical event at the auxiliary air conditioner and/or its associated components and wiring." Other possible causes were ruled out using "objective standards of fire investigation."

At the time of the fire, Liberty Mutual insured Modern Mushroom. The truck was determined to be a total loss. Liberty Mutual paid Modern Mushroom $132,900.48 under its policy. Additionally, Liberty Mutual seeks costs for "towing, salvage and storage charges."

III.

We turn first to Bergstrom's argument that Liberty Mutual's claims of breach of an implied warranty under the Magnuson-Moss Warranty Act should be dismissed because Liberty Mutual has not sufficiently averred that the auxiliary air conditioner is a "consumer product." The Magnuson-Moss Warranty Act provides for damages and other relief to "a consumer who is

damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation ... under a written warranty, implied warranty, or service contract." 15 U.S.C. § 2310(d)(1). The statute defines a "consumer" as

> a buyer ... of any consumer product, any person to whom such product is transferred during the duration of an implied or written warranty (or service contract) applicable to the product, and any other person who is entitled by the terms of such warranty (or service contract) or under applicable State law to enforce against the warrantor (or service contractor) the obligations of the warranty (or service contract).

Id. at 2301(3). A "consumer product" is "any tangible personal property which is distributed in commerce and which is normally used for personal, family, or household purposes." Id. at 2301(1).

The parties do not cite any case directly on point, and we have found none, for the proposition that the auxiliary air conditioner of a commercial truck is a consumer product under the statute. We note that other courts have determined that a commercial truck as a whole is not "normally used for personal, family, or household purposes." See, e.g., Kwiatkowski v. Volvo Trucks North America, Inc., 500 F. Supp. 2d

-5-

875, 877 (N.D. Ill. 2007); Waypoint Aviation Servs. Inc. v. Sandel Avionics, Inc., 469 F.3d 1071, 1072 (7th Cir. 2006).[2]

In this case, Liberty Mutual has simply averred that the Freightliner truck and its auxiliary air conditioner are consumer products without pleading any facts to indicate that these items are "normally used for personal, family, or household purposes." 15 U.S.C. § 2301(1). This "[t]hreadbare recital" is not enough. Iqbal, 556 U.S. at 678. Even considering the air conditioner system independently of the truck, Liberty Mutual has not pleaded a plausible claim for relief under the Magnuson-Moss Warranty Act. See Waypoint Aviation, 469 F.3d at 1073; Twombly, 550 U.S. at 569; 15 U.S.C. § 2301(1). We will grant Bergstrom's motion to dismiss count ten of Liberty Mutual's complaint as to it to the extent it relies on that statute.

IV.

Bergstrom also contends that all of Liberty Mutual's breach of warranty claims should be dismissed for failure to state a claim. We will first consider Liberty Mutual's claim for breach of an express warranty. In this diversity action, we

---

[2] Indeed, although it is an item's normal use rather than the consumer's actual use that controls the question, see 15 U.S.C. § 2301(1); Kwiatkowski, 500 F. Supp. 2d at 877, Liberty Mutual has pleaded that Modern Mushroom leased the truck "for its business."

look to Pennsylvania's substantive law of contracts.  Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938).  Under the Pennsylvania Commercial Code, an express warranty can be created in the following ways:

> (1) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.
> (2) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.
> (3) Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

13 Pa. Cons. Stat. Ann. § 2313(a).  At the motion to dismiss stage, "a complaint asserting a claim for breach of an express warranty must 'provide more than "bald assertions," and identify specific affirmations by [the] [d]efendant that could be found to constitute an express warranty'" under the Code.  Fleischer v. Fiber Composites, LLC, Civil Action No. 12-1326, 2012 WL 5381381, at *4 (E.D. Pa. Nov. 2, 2012) (quoting Snyder v. Farnam Cos., Inc., 792 F. Supp. 2d 712, 722 (D.N.J. 2011)).  A complaint does not survive a motion to dismiss when it contains "a bare allegation that there was a general warranty for a 'sound, quality product' that would be 'in good working condition'" without any other supportive averments.  Xia Zhao v.

Skinner Engine Co., Civil Action No. 11-7514, 2012 WL 5451817, at *10 (E.D. Pa. Nov. 8, 2012).

Here, Liberty Mutual has simply claimed that Bergstrom placed its product "into the stream of commerce with an express warranty that such products would not fail when used as instructed for their intended purposes." There are no other facts pleaded with respect to an express warranty. A copy of the express warranty has not been attached to the complaint, and no specific warranty language has been supplied. Such a "bare allegation" is not sufficient to meet our pleading standards. Xia Zhao, 2012 WL 5451817, at *10; Fleischer, 2012 WL 5381381, at *4. We will dismiss Liberty Mutual's claim of breach of express warranty against Bergstrom, which is count eight of the complaint.

In contrast to an express warranty, an implied warranty of merchantability under the Pennsylvania Commercial Code "arise[s] by operation of law and serve[s] to protect buyers from loss where the goods purchased are below commercial standards." Altronics of Bethlehem, Inc. v. Repco, Inc., 957 F.2d 1102, 1105 (3d Cir. 1992). Pursuant to this warranty, the goods must be "fit for the ordinary purposes for which such goods are used." 13 Pa. Cons. Stat. Ann. § 2314(b)(3).

In order to carry its burden on an implied warranty claim, a plaintiff must ultimately show that the product was defective. Altronics of Bethlehem, 957 F.2d at 1105. A product may be found defective if there is evidence "(1) that the product malfunctioned; (2) that plaintiffs used the product as intended or reasonably expected by the manufacturer; and (3) the absence of other reasonable secondary causes." Id. Since the plaintiff is required to prove a negative, a complaint alleging breach of an implied warranty can survive a motion to dismiss if there are sufficient allegations to make plausible the absence of abnormal use or other causes of malfunction. Penns Crossing Builders v. Jeld-Wen, Inc., Civil Action No. 10-3967, 2011 WL 4528384, at *7 (E.D. Pa. Sept. 30, 2011).

In the matter before us, Liberty Mutual has pleaded a malfunction in that a fire started in the Freightliner Cascadia's auxiliary air conditioner, which ultimately led to a total loss of the vehicle. According to the complaint, the air conditioner and its subcomponents "were at all relevant times used as intended by [Modern Mushroom]." Finally, "objective standards of fire investigation" were used to rule out potential causes of the truck fire other than "the ignition sequence involving an unspecified electrical event" in the air conditioner.

These allegations, taken to be true, sufficiently plead that the air conditioner was defective under Pennsylvania law and make Liberty Mutual's claims for breach of an implied warranty of merchantability plausible. Twombly, 550 U.S. at 569; Penns Crossing Builders, 2011 WL 4528384, at *7. We will deny Bergstrom's motion to dismiss Liberty Mutual's claims of breach of an implied warranty, included in counts nine and ten of the complaint.

V.

In sum, we will grant in part and deny in part Bergstrom's motion to dismiss for failure to state a claim. We will grant Bergstrom's motion to dismiss Liberty Mutual's claims under the Magnuson-Moss Warranty Act and for breach of an express warranty. The motion will otherwise be denied.[3]

---

[3] Bergstrom moves in the alternative for a more definite statement under Rule 12(e). Having carefully reviewed the complaint and the briefs, we find this motion to be without merit.